[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10878
Non-Argument Calendar
_____

Agency No. A097-934-612

CAMILO ALBERTO RODRIGUEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 30, 2013)

Before HULL, MARCUS, and FAY, Circuit Judges.

PER CURIAM:

Camilo Alberto Rodriguez, a native and citizen of Colombia, petitions for review of the Board of Immigration Appeals ("BIA") order denying his second motion to reopen his asylum proceedings. We deny his petition.

## I.    BACKGROUND

In 2004, Rodriguez filed an application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"), alleging he would be subject to persecution if he returned to Colombia. While working on behalf of the Colombian government on the construction of a natural-gas pipeline, he asserted he had refused to comply with demands from the National Liberation Party ("ELN") to hire its members and supporters to work on the pipeline. As a result of his defiance, Rodriguez claimed ELN members sought to kidnap and murder him. The Immigration Judge ("IJ") denied Rodriguez's application, found he was statutorily ineligible for asylum, and determined he had not demonstrated he would be persecuted in Colombia. Rodriguez appealed the IJ's decision to the BIA, which affirmed the decision in 2006.

In 2007, Rodriguez filed a motion with the BIA to reopen removal proceedings and argued ineffective assistance of counsel. The BIA denied that motion as untimely and noted Rodriguez had failed to demonstrate prejudice resulting from his former representation. In October 2012, Rodriguez filed a second motion to reopen his removal proceedings and argued changed country

2

conditions.  He also requested the BIA to exercise its sua sponte authority to reopen his removal proceedings, based on his former counsel's deficient performance.  The BIA denied the second motion to reopen as time-barred and number-barred and determined Rodriguez had not shown materially changed country conditions in Colombia.  Rodriguez petitions for review of the denial of his second motion to reopen.[1]

## II.    DISCUSSION

We review the denial of a motion to reopen for abuse of discretion.  *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009).  Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner.  *Id.*  Generally, a party may file only one motion to reopen removal proceedings.  INA § 240(c)(7)(A); 8 U.S.C. § 1229a(c)(7)(A).  A motion to reopen must be filed "within 90 days of the date of entry of a final administrative order of removal," subject to certain exceptions.  INA § 240(c)(7)(C)(i); 8 U.S.C. § 1229a(c)(7)(C)(i).

An exception to the time and number limits applies if the motion to reopen is for the purpose of reapplying for relief "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered,

---

[1] On appeal, Rodriguez does not challenge the BIA's refusal to reopen removal proceedings sua sponte, thus abandoning that claim.  *See Cole v. U.S. Att'y Gen.*, 712 F.3d 517, 530 (11th Cir.), *cert. denied*, No. 12-1435, 2013 WL 2647775 (U.S. Oct. 7, 2013).

if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). We have recognized the BIA may deny a motion to reopen on three grounds: (1) failure to establish a prima facie case; (2) failure to introduce evidence that was material and previously unavailable; or (3) a determination that an alien is not entitled to a favorable exercise of discretion despite statutory eligibility for relief. *Najjar v. Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001).

Rodriguez contends conditions in Colombia are worse now than in 2005, when he originally was ordered removed, demonstrated by newspaper articles describing ELN's recent kidnappings of oil workers in Colombia. But the materials Rodriguez submitted with his original application for asylum contained reports of similar incidents. The 2003 U.S. Department of State's Country Report for Colombia showed ELN had kidnapped thousands of civilians, despite the group's decline in numerical strength. The Country Report further noted ELN guerrillas, as well as members of the Revolutionary Armed Forces of Colombia, had increased the number of attacks on Colombia's oil infrastructure by 140 percent. Consequently, it appears ELN's current focus on disrupting the energy industry in Colombia is the same as it was during Rodriguez's initial removal proceedings in 2005.

4

Moreover, Rodriguez has presented no evidence showing ELN has targeted individuals who previously had worked in the energy industry.  Rather, the evidence shows ELN guerrillas have targeted individuals who currently work on natural gas or oil pipelines.  Therefore, Rodriguez has failed to demonstrate conditions for former workers in the energy sector have materially worsened.  *See* INA § 240(c)(7)(A), (C); 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(3)(ii).

Because Rodriguez failed to establish changed country conditions in Colombia sufficient to excuse the filing of his untimely and number-barred motion to reopen, he is not entitled to relief.  Accordingly, the BIA did not abuse its discretion in denying his second motion to reopen.

**PETITION DENIED.**